"This case comes before the court on cross-motions for summary judgment on the issue of contractual liability. The case has been submitted on the briefs and oral argument of counsel.
"The present dispute arises out of a contract for the procurement of certain printed forms by the Government Printing Office (hereinafter referred to as "GPO”) on behalf of the Department of Health, Education and Welfare. Multiple awards were made because it was anticipated that no single printing firm would be able to meet all of the agency’s needs. The solicitation asked for bid prices on four variables, one of which was 'folding’. The other variables were (1) white paper, (2) colored paper, and (3) address imprints. Plaintiff was named low bidder on the basis of its aggregate low price, with the other awards made sequentially from lowest to highest, also on the basis of aggregate prices. In placing work, the GPO was obligated to first communicate with the low contractor to determine whether or not he could accept an order. The only valid reason for declining was inability to meet a shipping schedule. If the low contractor was unable to accept an *986 order, the Government would contact the next low bidder, and so on, until the job was accepted.
"The contract provided three exceptions to this method of placing work, only one of which is pertinent here. The provision in question, Exceptions Clause (3), reserved the right to establish a, new low bidder and numerical sequence of other bidders on each particular print order, taking into account only those variables involved in that particular order, rather than on an aggregate basis taking into account all four variables. This process of computing prices on each individual print order is known as 'abstracting’. Abstracting showed, because of the structure of plaintiffs bid, that on orders requiring little or no folding, the prices of other contractors were lower. The Government invoked this exception with the result that all orders were not automatically offered initially to plaintiff. Plaintiff sues here for lost profits on these print orders.
"Plaintiff claims that the contract here in issue was a requirements contract and that each failure on the part of the defendant to offer it a print order constitutes a breach. A requirements contract has been defined as a contract in which the purchaser agrees to buy all of its needs of a specified material from a particular supplier, and the supplier agrees, in turn, to fill all of the purchaser’s needs during the period of the contract. Inland Container, Inc. v. United States, 206 Ct. Cl. 478, 482-483, 512 F.2d 1073 (1975); Ready-Mix Concrete Co., Ltd. v. United States, 141 Ct.Cl. 168, 169, 158 F.Supp. 571 (1958); Gemsco, Inc. v. United States, 115 Ct.Cl. 209 (1950); Johnstown Coal & Coke Co. v. United States, 66 Ct.Cl. 616 (1929). Neither party to the instant contract is so tightly and exclusively bound to the other so as to give rise to a requirements-type arrangement. The government retained the right to purchase some of its needs from other printers. Similarly, plaintiff was empowered to refuse orders if it was unable to meet a delivery schedule. We conclude, therefore, that such consideration is insufficient to support plaintiffs construction of the contract as a requirements contract. See, Goldwasser v. United States, 163 Ct.Cl. 450, 454-455, 325 F.2d 722, 724 (1963)
*987 "Plaintiff also contends that the Government made improper use of Exceptions Clause (3) of the contract. It is plaintiffs position that the exceptions clause is to be interpreted so as to be invoked by the Government on rare occasions and only then to deal with abusive contractors. However, the plain language of the clause convinces us that it was intended to be employed as a cost-cutting measure. That the government made use of the exceptions clause as often as it did, is a direct result of the structure of plaintiffs aggregate bid. Where, as here, plaintiff was initially offered more than a majority (although we do not posit this as a test) of the work under the contract, it is not inconsistent to describe the clause in question as an exception.
"For the foregoing reasons, it is ordered that plaintiffs motion for summary judgment be and is hereby denied, defendant’s motion for summary judgment be and is hereby granted, and plaintiffs petition be and is hereby dismissed.”